# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-91-005-TCK |
| ) | (08-CV-88-TCK-TLW) |
| CURTIS DEON JONES, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Government's Motion to Dismiss Amended § 2255 Motion (Doc. 921).

**I.    Background**

On December 19, 2005, a federal grand jury returned a multiple-count Superseding Indictment, which charged Defendant and nine other co-defendants in a racketeering conspiracy. (*See* Doc. 247.) On October 17, 2006, Defendant entered a plea of guilty to Count One of the Superseding Indictment, charging him with Racketeering Conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963. (*See* Doc. 729.) Defendant's plea was made before Magistrate Judge Sam A. Joyner ("Magistrate Joyner") and was pursuant to a Plea Agreement with the Government. (*See id.*; Doc. 729-2.) As part of the Plea Agreement, Defendant waived his right to a direct appeal and to collaterally attack the conviction and sentence under 28 U.S.C. § 2255, except for ineffective assistance of counsel claims challenging the validity of the plea or the rights waiver. (*See* Doc. 729-2 at 3.) Also included in the Plea Agreement was an admission by Defendant that he shot an individual by the name of James Stewart ("Stewart") in conjunction with his gang activities. (*See id.* 6.) Defendant further stated that he was involved in the shooting of Stewart during his plea

colloquy before Magistrate Joyner. (Tr. Plea Hr'g 15:18-22.) On January 3, 2007, this Court sentenced Defendant to 260 months imprisonment, which was within the advisory sentencing guidelines range of 210 to 262 months. (*See* Docs. 771 (Minutes of Sentencing), 788 (Judgment and Commitment).) Also during the sentencing, the Court ordered Defendant to participate in an anger management program. (*See* Doc. 771.) Defendant appealed his conviction to the Tenth Circuit, despite having waived his right to do so under the Plea Agreement. After reviewing the Plea Agreement and transcripts of the plea and sentencing hearings, the Tenth Circuit held that Defendant had waived his right to appeal and dismissed Defendant's appeal. *See United States v. Jones*, 236 Fed. Appx. 449, 450 (10th Cir. 2007).

On February 19, 2008, Defendant, appearing *pro se*, filed a § 2255 motion (Doc. 806), identifying the following grounds: (1) ineffective assistance of counsel due to coerced and involuntary plea; (2) ineffective assistance of counsel due to incriminating statements made by counsel during sentencing; (3) ineffective assistance of counsel for failure to conduct an inquiry into Defendant's mental competency; and (4) ineffective assistance of counsel for failure to make a claim of insufficient evidence and abandonment of a viable defense. The Court denied Defendant's § 2255 motion, which Defendant appealed. The Tenth Circuit subsequently denied Defendant's request for a certificate of appealability and dismissed his appeal, finding that Defendant failed to make a substantial showing of the denial of a constitutional right.

On January 7, 2011, Defendant filed two motions: (1) "Motion to Vacate Guilty Plea F.R.Crim.P.11(f) Caused by Fraud on the Court by the U.S. Attorney, Denial of Exculpatory Evidence" (Doc. 910); and (2) "Amended Motion Under § 2255 Via F.R.Civ.P. 15(c)(2) to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody" (Doc. 912) (collectively "Second

§ 2255 Motion"). Therein, Defendant argues that: (1) his counsel was ineffective for failing to file a timely notice of appeal from his sentencing; (2) his counsel was ineffective for failing to investigate facts relating to the murder of Stewart; (3) the Government caused a fraud upon the Court by failing to reveal "exculpatory evidence" – namely, that "Paul Ronnie Summer pled guilty to this murder, case No. CF-06-4813, in Tulsa County District Court on October 12, 2006," (Doc. 910 at 1); (4) his counsel was ineffective for failing to raise sentencing guideline claims; and (5) Defendant was denied the right to appeal an illegal sentence. The Government now moves to dismiss Defendant's Second § 2255 Motion, arguing that this Court lacks jurisdiction to address its merits.

## II. Discussion

"A prisoner may not file a 'second or successive' motion under § 2255 unless it is 'certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (citing 28 U.S.C. § 2255, ¶ 8.) When, as here, a defendant fails to obtain such certification, the district court may either dismiss the successive motion for lack or jurisdiction, or, if it is in the interest of justice, transfer the matter to the appellate court pursuant to 28 U.S.C. 1631.[1] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The district court should consider the following factors in deciding whether a transfer is in the interest of justice:

---

[1] Section 1631 of Title 28 of the United States Code outlines the means by which a court may transfer an action to "cure want of jurisdiction."

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

After consideration of these factors, the Court finds that transferring Defendant's Second § 2255 Motion is not in the interest of justice. Specifically, Defendant's arguments in relation to Stewart's death and Paul Summer's plea of guilty were raised in his initial § 2255 motion and previously rejected by this Court. (*See* Doc. 898 at 12-13.) Defendant fails to assert any newly discovered evidence, and there is accordingly no indication that his arguments carry any merit. *See Kostelec v. United States*, No. 08-20126-CM, 2011 WL 5868131, at *2 (D. Kan. Nov. 22, 2011) (dismissing successive § 2255 motion when petitioner made no mention of newly acquired evidence and his arguments "mostly reassert[ed] the claims made in his first § 2255 motion" that had been previously rejected by the court); *United States v. Solarin*, No. 05-cr-00311-CMA, 2011 WL 65922, at *3 (D. Colo. Jan. 6. 2011) (dismissing successive § 2255 motion when "[t]he issues raised in [d]efendant's motions ha[d] been fully litigated [and rejected by the district court and the Tenth Circuit]").

Further, with regard to Defendant's argument that his counsel was ineffective for failing to file a notice of appeal, the Court finds this argument also has no merit, as Defendant's counsel did in fact file a notice of appeal. (*See* Doc. 785.) Finally, with regard to Defendant's contention that his counsel rendered ineffective assistance at sentencing by failing to raise unspecified sentencing guideline arguments, Defendant failed to raise this claim within the one-year statute of limitations. Although a court may, in its discretion, allow an untimely amendment to a § 2255 motion to relate back to the date of the timely filed original motion, it may do so only if the proposed amendment

4

does not seek to add a new claim or insert a new theory into the case. *See United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000). Here, because Defendant's assertion of ineffective assistance of counsel at sentencing raises a new claim that is unrelated to the claims in his initial § 2255 motion, it does not relate back and is therefore untimely.

**III.  Conclusion**

For the reasons outlined herein, the Government's Motion to Dismiss Amended § 2255 Motion (Doc. 921) is GRANTED, and Defendant's Second § 2255 Motion (Docs. 910 and 912) are dismissed. Further, Defendants Motion for a Nunc Pro Tunc Appeal (Doc. 924), Motion for Judgment on the Pleadings (Doc. 928), Motion to Receive Copy of Plea Agreement (Doc. 930), Motions for Default Judgment (Doc. 934 and 935), and Request for Appointment of Counsel (Doc. 959) are DENIED AS MOOT.

**DATED THIS 30th day of May, 2012.**

_[signature: Terence C Kern]_

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**