**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-CR-91-TCK** |
| | ) | |
| **BOBBY GIBSON,** | ) | **Civil No. 11-CV-415-TCK-PJC** |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 (Doc. 937) ("§ 2255 Motion") filed by Defendant Bobby Gibson ("Defendant").

**I.      § 2255 Motion**

Defendant's § 2255 Motion is subject to a one-year statute of limitations.  28 U.S.C.

§ 2255(f).  The limitation period begins to run on the date on which the judgment of conviction

becomes final.  *Id.* at § 2255(f)(1).  In this case, the Court entered judgment on January 31, 2007,

and no appeal was taken.  Where no appeal is taken, a judgment becomes final ten days after the

Court's entry of judgment, excluding weekends and holidays.  *United States v. Holley*, No. 01-CR-

58-CVE, 2007 WL 3128459, at * 1(N.D. Okla. Oct. 24, 2007).  Thus, Defendant's judgment became

final on February 14, 2007, and his § 2255 deadline was February 14, 2008.  Defendant's § 2255

Motion was filed on March 6, 2008.[1]  Thus, the motion is untimely unless it is subject to statutory

or equitable tolling.

---

[1] Defendant actually filed a Motion for Equitable Tolling of Time to File 28 U.S.C. § 2255 Petition and attached his § 2255 Motion as an exhibit.  The Court ordered the Court Clerk to file Exhibit 1 to Doc . 809 as Defendant's § 2255 Motion and to deem it filed as of March 6, 2008.  (*See* Doc. 936.)  The Court denied the Motion for Equitable Tolling as moot but stated that it would "address Defendant's arguments supporting equitable tolling in ruling on Defendant's § 2255 Motion."  (*Id.*)

Defendant argues that the statute of limitations should be equitably tolled because (1) his attorney failed to file notice of appeal that would have allowed him extended time to prepare a § 2255 motion; (2) it was difficult to gain access to the law library; (3) his facility was on lockdown due to "a number of fog days"; (4) he was unaware of his right to file a § 2255 motion for some of the limitations period.

Equitable tolling applies to suspend the statute of limitations for filing a § 2255 motion "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Examples of circumstances warranting equitable tolling include when a prisoner is actually innocent, when an adversary's conduct prevents a prisoner from timely filing, when uncontrollable circumstances prevent a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. *See Gabaldon*, 522 F.3d at 1124 (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). A petitioner's burden in making this demonstration is a heavy one, and a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

A.      **Attorney's Failure to File Appeal**

Defendant contends that his trial counsel's failure to file an appeal justifies equitable tolling of the limitations period. However, Defendant waived his right to file a direct appeal as part of his plea agreement. (*See* Doc. 643-1 at 3.) In light of this appellate waiver, "counsel cannot be faulted

for failing to file an appeal." *United States v. Romero-Cruz*, 245 Fed. Appx. 797, 800 (10th Cir. 2007) (holding that counsel's failure to file direct appeal did not warrant equitable tolling of statute of limitations where the defendant had waived appellate rights). Even assuming trial counsel's failure was somehow negligent in failing to file a direct appeal, which he clearly was not, the Tenth Circuit has held that attorney negligence is not generally a basis for equitable tolling. *United States v. Leonard*, 357 Fed. Appx. 191, 192 (10th Cir. 2009); *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007). Instead, only an attorney's "egregious misconduct" may justify equitable tolling. *See Fleming*, 481 F.3d at 1256. Defendant has made no showing of negligence, let alone any egregious misconduct that would justify equitable tolling. *See Romero-Cruz*, 245 Fed. Appx. at 800.

**B.** **Prison Lockdowns/Lack of Access to Law Library**

The Tenth Circuit has stated that a prison lockdown does not generally qualify as an extraordinary event entitling a prisoner to equitable tolling. *Dill v. Workman*, 288 Fed. Appx. 454, 457 (10th Cir. 2008); *see also Beard v. Jones*, No. 10-CV-174-JHP, 2011 WL 832540, at *4 (N.D. Okla. March 3, 2001) ("[P]prison lockdowns do not generally qualify as extraordinary events entitling a prisoner to equitable tolling."). Lack of library access also does not automatically entitle a prisoner to equitable tolling; instead, the petitioner must show the steps he took to diligently pursue his claims. *See Parker v. Jones*, 260 Fed. Appx. 81, 85 (10th Cir. 2008) (holding that lack of access to law library during lockdown was insufficient to support equitable tolling, absent a specific showing regarding steps taken to diligently pursue habeas claims); *Holmes v. Jones*, No. Civ-09-512, 2009 WL 5216907, at **5-7 (W.D. Okla. Dec. 29, 2009) ("To show that such a lack of library access posed an impediment, Petitioner must specifically show the steps he has taken to pursue his claims.") (explaining, in context of denying prisoner discovery regarding a lockdown, that

"[a]n allegation that lockdowns deprived Petitioner's access to a law library would not necessarily affect his ability to pursue his claims" because "the current policy allows inmates who are subject to a lockdown to request library materials and the assistance of law library staff").

In this case, Defendant has not offered any specific dates or periods of time during which he lacked access to the resources necessary to prepare his motion, rendering it impossible to determine how often Defendant actually lacked such resources. Nor has Defendant explained any specific steps he took to diligently purse his claims during periods of lockdown. Further, the Court finds nothing extraordinary or rare about the lockdowns or lack of library access described by Defendant. Under these circumstances, Defendant has failed to demonstrate grounds for equitable tolling or that his failure to timely file was caused by extraordinary circumstances beyond his control. *See Dill*, 288 Fed. Appx. at 457 (rejecting equitable tolling argument because petitioner did not explain his delay in filing his petition after a lockdown ended); *Holmes*, 2009 WL 5216907, at *7 (holding that petitioner failed to show that lack of library access posed an impediment to pursuit of claims because he failed to show any specific steps he took during lockdown period).

## C. Ignorance of Law

"[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotations omitted). Like the petitioner in *Marsh*, Defendant has not raised any convincing reason why the Court should depart from this well-established rule. *See id.*; *United States v. Ferguson*, No. 09-2272, 2009 WL 3816519, at *1 (D. Kan. Nov. 12, 2009) (finding that neither alleged ignorance of the filing deadline nor counsel's alleged failure to notify the petitioner of his

right to appeal or of the time limitation for filing a § 2255 petition constituted an extraordinary circumstance warranting equitable tolling).

## II.     Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**III.    Conclusion**

Defendant's § 2255 motion (Doc. 937) is dismissed with prejudice because it is outside the statue of limitations and not subject to equitable tolling.  A certificate of appealability is denied. A separate Judgment shall be entered.

SO ORDERED this 23rd day of August, 2012.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE